[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE MOTION TO IMPLEAD MOTION TO DISQUALIFY
In this action brought in a two count complaint, the plaintiff seeks damages under a residential lease (Count I) and under a guaranty for a purchase agreement (Count II). The defendant's ex wife, Gretchen Burns, and the plaintiff entered into the purchase agreement. The defendant seeks to implead Gretchen Burns as a third party defendant under P.B. §§ 99, 103 and 117. The plaintiff seeks to disqualify defendant's counsel on the grounds that he will testify in this action. CT Page 1064
Motion to Implead
The basis of the motion is that the defendant as the guarantor has the right of indemnity against the principal, Gretchen Burns, should the plaintiff prevail on the second count of his complaint. The plaintiff objects to this motion to implead on the ground of res judicata.
Under P.B. § 117 and C.G.S. § 102a, a defendant may move to serve a third party complaint by writ summons and complaint if the court "deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." While the plaintiff has set forth a possible defense to the third party complaint, he has not set forth any claims of delay or injustice. In his proposed third party complaint the defendant alleges the liability of Gretchen Burns for all or part of the plaintiff's claim. Under both C.G.S. § 52-102a and P.B. § 117, this is proper. As long as the court does not find that such third party action delays or creates an injustice on either the plaintiff or Gretchen Burns, the action should be allowed.
The Motion to Implead is granted.
Motion to Disqualify
The plaintiff has moved to disqualify defendant's counsel on the ground that he intends to call Dennis Hersh, partner to defendant's counsel, as a rebuttal witness. Attorney Hersh represented the defendant in the divorce action between the defendant and proposed third party defendant. With three exceptions, Rule 3.7 prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be anecessary witness. In addition (b) of that rule allows a lawyer to remain an advocate in a trial in which another member of the lawyer's firm is likely to be called as a witness unless Rule 1.7 or Rule 1.9 precludes it.
As affirmed in Bergeron v. Mackler, 225 Conn. 391, 397
(1993), "the trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Disqualification of counsel serves to enforce the duty of absolute fidelity and to prevent the inadvertent use of confidential information. However, as noted by CT Page 1065 the Bergeron court, "a court must also be solicitous of a client's right to choose counsel." 225 Conn. At 398.
The court heard no testimony from either party on this motion, nor was any affidavit filed. It is the plaintiff's burden to show that the testimony of Attorney Hersh is necessary. Brandv. Matheny, Doc. 91-0389922S, (J.D. Hartford-New Britain) (2/14/94)(Aurigemma, J.). Simply stating that Attorney Hersh may be called as a rebuttal witness in the event that the defendant calls another attorney is not sufficient to meet this burden. ". . . whenever an adversary declares his intent to call opposing counsel as a witness, prior to ordering disqualification of counsel, the court should determine whether counsel's testimony is, in fact, genuinely needed." Atlantic Richfield Co. v. CanaanOil Co., 202 Conn. 234, 248-249 (1987). Without further showing by the plaintiff, the court cannot make this finding.
Further, (b) of Rule 3.7 would allow defendant's counsel to remain his advocate even if Attorney Hersh was called to testify unless Rules 1.7 and 1.9 (Conflict of Interest) preclude him from continuing his advocacy. Based upon the record, the court does not find those rules bar defendant's counsel's continued representation if Attorney Hersh is called as a witness. Evans v.Assoc. Of Norwalk School Adm., Doc. No. 940538581S (J.D. Hartford-New Britain)(6/20/95) (Corradino, J.).
The Motion to Disqualify is denied.
Alexandra Davis DiPentima, Judge